UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
RALPH BEN COTTO, :
:
               Petitioner, :
: 18-CV-9003 (JMF)
    -v- :
: MEMORANDUM OPINION
THE ATTORNEY GENERAL OF THE STATE OF : AND ORDER
NEW YORK, :
:
               Respondent. :
X
------------------------------------------------------------------

JESSE M. FURMAN, United States District Judge:

      Ralph Ben Cotto, a state prisoner proceeding *pro se*, was convicted following a guilty plea of two counts of Operating as a Major (Drug) Trafficker, in violation of New York Penal Law § 220.77(3), and sentenced to twelve and a half years' imprisonment. He now petitions, pursuant to 28 U.S.C. § 2254, for the writ of habeas corpus, arguing that (1) New York State lacked geographical jurisdiction to prosecute him for the crimes for which he was convicted; and (2) his guilty plea is invalid under *Boykin v. Alabama*, 395 U.S. 238 (1969), because the trial judge did not sufficiently inquire whether he understood the rights that he was forfeiting. *See* ECF No. 2, at 4-5; ECF No. 19 ("Reply"), at 1-2.[1] In general, a federal court may grant a state prisoner's writ of habeas corpus only if the state court's adjudication of petitioner's claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in

---

[1] Cotto raised several additional grounds for relief in his initial Petition, but he explicitly withdrew them in his reply and, thus, they need not be addressed. *See* Reply 2.

the State court proceeding." 28 U.S.C. § 2254(d); *see also Cruz v. Superintendant*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *5 (S.D.N.Y. May 11, 2016).

Applying those deferential standards here, Cotto's petition fails. First, the Appellate Division considered and rejected as meritless Cotto's jurisdictional argument. *See* ECF No. 12 ("Opp'n"), at 10. To the extent that Cotto challenges that ruling as a matter of state law, however, this Court may not grant habeas relief because "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. . . . [S]tate courts are the ultimate expositors of state law." *Mannix v. Phillips,* 619 F.3d 187, 199 (2d Cir. 2010) (citations omitted); *see also Carvajal v. Artus*, 633 F.3d 95, 107 (2d Cir. 2011) ("Even if this Court views the state court's interpretation of its state statute [regarding geographic jurisdiction] as unwise, or even as jurisdictional overreaching, this does not entitle [petitioner] to habeas relief."). And to the extent Cotto challenges the ruling as exceeding federal constitutional limits, the Court may not grant habeas relief because he cannot show that the state court ruling is "contrary to" established Supreme Court law. As the Second Circuit explained in 2011, "[t]he Supreme Court has not had occasion to say how far a state may go in expanding its criminal jurisdiction." *Carvajal*, 633 F.3d at 111. That remains the case today, so the Court "cannot say that the state court's interpretation of [New York's geographic jurisdiction statute], however surprising, was in conflict with 'governing law set forth' by the Supreme Court." *Id.*

Second, Cotto may have abandoned his *Boykin* claim, as he makes no reference to it in his reply; but in any event, it is easily rejected. As a general rule, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (quoting *Cone v. Bell*, 556 U.S.

2

449, 465 (2009)). That is the case here, as the Appellate Division rejected Cotto's *Boykin* claim on procedural grounds in light of state law providing that, "in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10." Opp'n 19; *see People v. Conceicao*, 26 N.Y.3d 375, 381 (2015) (quoting *People v Peque*, 22 N.Y.3d 168, 182 (2013)). Accordingly, Cotto's *Boykin* claim — to the extent he still presses it at all — is procedurally barred and must be denied on that basis. *See, e.g.*, *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Gonzalez v. Perez*, No. 11-CV-3744 (JMF), 2012 WL 2952841, at *2 (S.D.N.Y. July 19, 2012).

For the foregoing reasons, Cotto's petition is DENIED, and his case is DISMISSED. As Cotto has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue at this time. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Cotto and to close this case.

SO ORDERED.

Dated: October 30, 2019
New York, New York

JESSE M. FURMAN
United States District Judge